**LISA KAY BAUGHMAN**
ATTORNEY AT LAW
State Bar No. 134946
1202 Kettner Blvd., Suite 6200
San Diego, CA  92101
Telephone:  (619) 696-9311

Attorney for Defendant
Miguel Angel Avila-Quezada

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA
## (HON.  THOMAS WHELAN)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.  08-CR-2023-W |
| Plaintiff, ) | |
| vs. ) | DEFENSE MOTION TO COMPEL DISCOVERY |
| MIGUEL ANGEL AVILA-QUEZADA, ) | |
| Defendant. ) | DATE:    July 21, 2008<br>TIME:    2:00 pm<br>JUDGE:   Hon. Whelan |

## I.

## STATEMENT OF FACTS

On April 23, 2008, Border Patrol Agents Barr and Sivilli responded to a seismic intrusion device in an area approximately twelve miles north Tecate, California Port of Entry.  Their investigation lead them to a trailer in a compound on private property occupied by six individuals, including Mr. Avila-Quezada.  The agents looked through the trailer windows and saw Hispanic men inside.  Acting without a warrant, the agents opened the trailer door and told the men to come outside.  When questioned, Mr. Avila-Quezada admitted to being a citizen of Mexico.  Mr. Avila-Quezada was then handcuffed and taken to a station where he was fingerprinted for further investigation.

The U.S. filed a complaint against Mr. Avila-Quezada for violating 8 U.S.C. 1326 alleging

1    Mr. Avila-Quezada is an alien, previously deported was found within the territory of the United
2    States.  Mr. Avila-Quezada's fingerprints lead the U.S. to discover his immigration and criminal
3    history.
4         Counsel has received initial discovery in this case. Nonetheless, Mr. Avila-Quezada, by and
5    through his attorney, Lisa Kay Baughman, moves for the production by the government of the
6    following items.  This request is not limited to those items that the prosecutor knows of, but rather
7    includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely
8    related...investigatory [or other] agencies" under United States v. Bryan, 868 F.2d 1032, 1040 (9th
9    Cir. 1989), cert. denied, 493 U.S. 858 (1989):
10        (1) The Defendant's Statements Under Fed. R. Crim. P. 16 (a)(1)(A) the defendant is entitled
11   to disclosure all copies of any written or recorded statements made by the defendant; the substance
12   of any statements made by the defendant which the government intends to offer in evidence at trial;
13   any recorded testimony of the defendant before the grand jury; any response by the defendant to
14   interrogation; the substance of any oral statements which the government intends to introduce at
15   trial, and any written summaries of the defendant's oral statements contained in the handwritten
16   notes of the government agent; any response to any Miranda warnings which may have been given
17   to the defendant (See United States v. McElroy, 697 F.2d 459 (2d Cir. 1982)); and any other
18   statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A).  The Advisory
19   Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the Government
20   must reveal all the defendant's statements, whether oral or written regardless of whether the
21   Government intends to introduce those statements;
22        (2) Arrest Reports, Notes and Dispatch Tapes  The defendant also specifically requests that
23   all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding
24   her arrest or any questioning, if such reports have not already been produced in their entirety, be
25   turned over to her.  This request includes, but is not limited to, any rough notes, records, reports,
26   transcripts or other documents in which statements of the defendant or any other discoverable
27   material is contained.  This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v.
28   Maryland, 373 U.S. 83 (1963).  See also United States v. Johnson, 525 F.2d 999 (2d Cir. 1975), cert.

1   denied, 424 U.S. 920 (1976); United States v. Lewis, 511 F.2d 798 (D.C. Cir. 1975); United States v.
2   Pilnick, 267 F. Supp. 791 (S.D.N.Y. 1967); Loux v. United States, 389 F.2d 911 (9th Cir. 1968),
3   cert. denied, 393 U.S. 867 (1968).  Arrest reports, investigator's notes, memos from arresting
4   officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are
5   available under Fed. R. Crim. P. 16(a)(1) (C), Fed. R. Crim. P. 26.2 and 12(i);

6         (3) Reports of Scientific Tests or Examinations Pursuant to Fed. R. Crim. P. 16(D), the
7   defendant requests the reports of all tests and examinations conducted upon the evidence in this case,
8   including but not limited to the scientific chemical testing done upon the drugs seized in this case to
9   determine if it was indeed (cocaine) and any fingerprint testing done upon any evidence seized in
10  this case, that is within the possession, custody, or control of the government, the existence of which
11  is known, or by the exercise of due diligence may become known, to the attorney for the
12  government, and which are material to the preparation of the defense or are intended for use by the
13  government as evidence in chief at the trial;

14        (4) Brady Material The defendant requests all documents, statements, agents' reports, and
15  tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility
16  of the government's case.  Impeachment as well as exculpatory evidence falls within Brady's
17  definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985);
18  United States v. Agurs, 427 U.S. 97 (1976);

19        (5) Any Information that May Result in a Lower Sentence under the United States
20  Sentencing Guidelines (U.S.S.G.) As discussed above, this information is discoverable under Brady
21  v. Maryland, 373 U.S. 83 (1963).  This request includes any cooperation or attempted cooperation
22  by the defendant, as well as any information that could affect any base offense level or specific
23  offense characteristic under Chapter Two of the U.S.S.G.  Also included in this request is any
24  information relevant to a Chapter Three adjustment, a determination of the defendant's criminal
25  history, or any other application of the U.S.S.G.;

26        (6) The Defendant's Prior Record Evidence of prior record is available under Fed. R. Crim.
27  P. 16(a)(1)(B);

28        (7) Any Proposed 404(b) Evidence Evidence of prior similar acts is discoverable under Fed.

1  R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid. 404(b),

2  "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial .

3  . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R.

4  Evid. 404(b) at trial.  The defendant requests that such notice be given three weeks before trial in

5  order to give the defense time to adequately investigate and prepare for trial;

6    (8) <u>Evidence Seized</u> Evidence seized as a result of any search, either warrantless or with a

7  warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(C);

8    (9) <u>Request for Preservation of Evidence</u> The defendant specifically requests that all dispatch

9  tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the

10 possession, custody, or care of the government and which relate to the arrest or the events leading to

11 the arrest in this case be preserved.  <u>California v. Trombetta</u>, 467 U.S. 479 (1984); <u>Arizona v.

12 Youngblood</u>, 488 U.S. 51 (1988); <u>U.S.C.A. Const. Amend. 14</u>.  This request includes, but is not

13 limited to, any samples used to run any scientific tests, any narcotics, and any evidence seized from

14 any third party.  It is requested that the government be ordered to <u>question</u> all the agencies and

15 individuals involved in the prosecution and investigation of this case to determine if such evidence

16 exists, and if it does exist, to inform those parties to preserve any such evidence;

17   (10) <u>Tangible Objects</u> The defendant requests, under Fed. R. Crim. P. 16(a)(1)(C), the

18 opportunity to inspect and copy as well as test, if necessary, all other documents and tangible

19 objects, including photographs, books, papers, documents, photographs of building or places or

20 copies of portions thereof which are material to the defense or intended for use in the government's

21 case-in-chief, or were obtained from or belong to the defendant;

22   (11) <u>Evidence of Bias or Motive to Lie</u> The defendant requests any evidence that any

23 prospective government witness is biased or prejudiced against the defendant, or has a motive to

24 falsify or distort his or her testimony.  <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v.

25 Strifler</u>, 851 F.2d 1197 (9th Cir. 1988), <u>cert. denied</u>, 489 U.S. 1032 (1989);

26   (12) <u>Impeachment Evidence</u> The defendant requests any evidence that any prospective

27 government witness has engaged in any criminal act, whether or not resulting in a conviction, and

28 whether any witness has made a statement favorable to the defendant.  <u>See</u> Fed. R. Evid. 608, 609

and 613. Such evidence is discoverable under Brady v. Maryland, supra. See United States v. Strifler, supra (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility);

    (13) Evidence of Criminal Investigation of Any Government Witness  The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir. 1985) cert. denied, 474 U.S. 945 (1985);

    (14) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling  The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

    (15) Witness Addresses  The defendant requests the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1180 (9th Cir. 1979) (defense has equal right to talk to witnesses), cert. denied, 444 U.S. 1034 (1980).  The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984);

    (16) Name of Witnesses Favorable to the Defendant  The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980);

    (17) Statements Relevant to the Defense  The defendant requests disclosure of any statement

that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982);

(18) Jencks Act Material  The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. ' 3500, reasonably in advance of trial, including dispatch tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under '3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963).  In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.  The defense requests pre-trial production of Jencks material to expedite cross-examination and to avoid lengthy recesses during trial;

(19) Giglio Information  Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses;

(20) Personnel Records of Government Officers Involved in the Arrest  The defendant requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of him, pursuant to Pitchess v. Superior Court, 11 Cal. 3d 531, 539 (1974).  See Cal. Penal Code §§ 832.7, 832.8, Cal. Evid. Code §§ 1043, 1045.  Because of the sensitive nature of these documents, defense counsel will not be able to procure them from any other source;

(21) Government Examination of Law Enforcement Personnel Files  The defendant requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers.  The defendant requests that these files be reviewed the government for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), cert. denied, 510 U.S. 933 (1993); Kyles v. Whitley, 514 U.S. 419 (1995). The obligation to examine files arises by virtue of the defense making a demand for their review:  the

Ninth Circuit in <u>Henthorn</u> remanded for *in camera* review of the agents' files because the government failed to examine the files of agents who testified at trial. This Court should therefore order the government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to the defendant prior to trial; and

    (22) <u>Expert Summaries</u> Written summaries of all expert testimony that the government intends to present under Federal Rules of Evidence 702, 703 or 705 during its case in chief, written summaries of the bases for each expert's opinion, and written summaries of the experts' qualifications. Fed. R. Crim. P.16(a)(1)(E).

    (23) <u>Address of Arrest</u> The defendant requests the government provide the exact location, including street address, where he was seized by law enforcement officers. The current description is inadequate for defense counsel to perform an investigation.

Date: July 7, 2008			Respectfully submitted,


/s Lisa Kay Baughaman
LISA KAY BAUGHMAN
Attorney for Defendant Miguel Angel Avila-Quezada

| | |
|---|---|
| 1 | **LISA KAY BAUGHMAN** |
| | State Bar No.: 134946 |
| 2 | 1202 Kettner Blvd., Suite 6200 |
| | San Diego, CA 92101 |
| 3 | (619) 696-9311 |
| | (619) 696-3993 fax |
| 4 | |
| 5 | Attorney for Defendant |
| | Miguel Angel Avila-Quezada |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| United States of America, | ) | Case No.: 08-CR-2023-W |
| | ) | |
| Plaintiff, | ) | **PROOF OF SERVICE** |
| | ) | |
| v. | ) | |
| | ) | |
| MIGUEL ANGLE AVILA-QUEZADA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

    I, LISA KAY BAUGHMAN, am a citizen of the United States, and I am at least eighteen years of age. My business address is 1202 Kettner Blvd., Suite 6200, San Diego, California 92101. I am not a party to the above-entitled action.

    I hereby certify that I served:

    1. DEFENSE MOTION TO COMPEL DISCOVERY;

to the following CM/ECF participants in this case:

    David Leshner, efile.dkt.gc2@usdoj.gov.

There are no non-ECF participants on this case to be notified by United States Parcel Service.

I declare under penalty of perjury that the foregoing is true and correct

Date: July 7, 2008.

                                                                     /s Lisa Kay Baughman
                                                                     LISA KAY BAUGHMAN